**UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TOM HODGES,

        Plaintiff,                      CASE NO. 11-13981

v.                                      HON. MARIANNE O. BATTANI

UNITED STATES OF AMERICA,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant United States' Motion to Dismiss. (Doc. 12). The Court heard oral argument on April 5, 2012, and at the conclusion of the hearing took the motion under advisement. For the reasons that follow, the Court **GRANTS** the motion.

**I.    BACKGROUND**

As of March 1, 2010, Plaintiff Tom Hodges owed Defendant United States of America, acting through the Internal Revenue Service, Department of Treasury, $69,414.10 in unpaid income taxes for 2006, 2007, and 2008. (Doc. 1 Ex. A; Ex. D). On that date, Defendant issued Plaintiff a "Final Notice" thereby affording him certain statutory avenues of appeal (i.e., "Collection Due Process" ["CDP"] rights) prior to any form of enforced collection activity. (Doc. 1 Ex. A). On March 25, 2010, Plaintiff exercised his CDP rights, desiring either an installment payment agreement or Offer-in-Compromise. (Doc. 1 Ex. B; Ex. C).

On May 7, 2010, prior to the beginning of any CDP process, Defendant issued a wage levy to Home Care of Michigan, Plaintiff's employer. (Doc. 1 Ex. D). After Plaintiff notified Defendant of the procedural irregularity, it released the levy.

On October 11, 2010, after the CDP process began, but before it was complete, Defendant issued a levy to TCF Bank, Plaintiff's bank. (Doc. 1 Ex. E). Plaintiff notified Defendant of this second untimely levy and Defendant could not explain why the levy was issued while the CDP process was on-going.

When Defendant issued the above levies, it disclosed Plaintiff's tax returns and other confidential information to Plaintiff's employer and bank. Plaintiff maintains that I.R.C. § 6330 prohibits Defendant from pursuing any form of levy activity while the CDP process remains pending. (Doc. 1 at ¶ 7). Plaintiff also claims the release of the information contained on each of the two levy documents constituted improper disclosure under I.R.C. § 7431(c)(1)(A). (Doc. 1 at ¶ 13).

In accordance with the administrative requirements of I.R.C. § 7433, on November 4, 2010, Plaintiff filed a "Claim for Damages" with Defendant. (Doc. 1 Ex. G). Having not received a response from Defendant regarding this administrative claim, on September 13, 2011, Plaintiff filed a single-count Complaint against Defendant for "Unauthorized Collections Actions." (Doc. 1).

Defendant filed a motion to dismiss under Rules 12(b)(1) and (b)(6) in response. (Doc. 12). Defendant's Rule 12(b)(1) argument is premised solely on the assumption that Plaintiff brought his claim pursuant to I.R.C. § 7431. Through the response and reply briefs, the parties have resolved a patent ambiguity in Complaint and agreed that

Plaintiff's claim arises under I.R.C. § 7433 and not § 7431. (Doc. 14 at p. 3; Doc. 15 at p. 1). As a result, Defendant has abandoned its Rule 12(b)(1) argument.

The Court also notes Defendant does not seek dismissal of Plaintiff's claim to the extent it is based upon an alleged violation of I.R.C. § 6330:

> [Plaintiff] claims that [Defendant's] actions give rise to a claim for damages under 26 U.S.C. §7433 because they were in direct violation of 26 U.S.C. §6330, which prohibits such collection activity while Hodges was pursuing his collection due process rights. The United States is not moving to dismiss that claim at this time.

(Doc. 12 at 3). Defendant's motion is now before the Court.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint need not contain detailed factual allegations, but it must include more than labels and conclusions. Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The Court must accept the well-pleaded factual allegations as true. Hensley Mfg. v. ProPride, Inc., 579 F.3d 603 (6th Cir. 2009) (citing Twombly, 550 U.S. at 555).

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950 (quoting F.R. Civ. P. 8(a)(2)).

## III.  ANALYSIS

Since there is no longer a dispute over subject matter jurisdiction, and Defendant is not moving to dismiss Plaintiff's claim based on an alleged violation of I.R.C. § 6330, the parties explained at the hearing that the remaining issue presented is whether Plaintiff has stated a viable wrongful disclosure claim based on an alleged violation of I.R.C. § 6103.

A plaintiff can bring an action for damages under I.R.C. § 7433 if the Internal Revenue Service discloses certain information without authorization. A disclosure is unauthorized if it violates the directives set forth in I.R.C. § 6103. That section provides a general rule that a tax payer's returns are confidential and should not be disclosed. This general rule is subject to a series of exceptions. See 26 U.S.C. §6103(c)-(q). One of these exceptions allows disclosures of information relating to enforcement of tax laws. 26 U.S.C. §6103(k)(6). The Secretary of the Treasury has promulgated regulations prescribing the circumstances in which disclosure may be made under I.R.C. § 6103(k)(6). See 26 C.F.R. §301.6103(k)(6)–1. Under these regulations, the Service is authorized to disclose return information of a taxpayer against whom a collection activity is directed in order "to locate assets in which the taxpayer has an

4

interest . . . or otherwise to apply the provisions of the Code relating to establishment of liens against such assets, or levy on, or seizure, or sale of, the assets, to satisfy any such liability." 26 C.F.R. § 301.6103(k)(6)–1(a)(1)(vi). Courts interpreting these regulations have explained that information disclosed in notices of levy are necessary to collection activity and fall squarely within the exemption under I.R.C. § 6103(k)(6). Farr v. United States, 990 F.2d 451, 455 (9th Cir. 1993); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) (stating "the general rule is that liens and levies do not constitute unauthorized disclosures under §6103.").

In this case, Plaintiff claims that since the levies directed towards his employer and bank were prematurely issued, the disclosures made in connection with those levies were unauthorized under I.R.C. § 6103. An overwhelming majority of federal courts have squarely rejected Plaintiff's position by holding that "the authority to disclose return information during the collection process is not premised on the procedural propriety of the underlying collection action." McIntosh v. United States, 1998 WL 762344, No. C-1-95-1109, (September 17, 1998 S.D. Ohio) (collecting nine cases); see also Mann, 204 F.3d at 1020-21 ("[T]he validity of the lien and levies is immaterial to the issue of whether the disclosure contained in those notices is authorized under § 6103 . . . ."). On the other hand, an isolated minority of cases holds that a disclosure made in connection with an unlawful levy violates I.R.C. § 6103. Id. (citing two cases).

After reviewing each side of the issue, the Court adopts the majority rule and dismisses Plaintiff's claim to the extent it is based upon an alleged violation of I.R.C. § 6103. The reasoning behind the majority position is persuasive:

> [T]he validity of the underlying lien and levy is wholly irrelevant to the disclosure issue. [A]llowing tax preparers to file a wrongful disclosure

5

action whenever a defective lien is issued would allow tax preparers to circumvent the procedures for determining whether a valid lien had been issued and require the court to rule on the merits of the underlying assessment. In Cuda v. United States, No. 90-17, 1991 WL 80842 (W.D. Mich. April 2, 1991), this Court held that disclosure is authorized so long as a lien has been issued, regardless of whether the lien itself was erroneous. Otherwise, a tax preparer could sue the United States for damages every time a lien was determined to be invalid.

Coplin & Assocs. v. United States, 814 F. Supp. 643, 646 (W.D. Mich. 1992) (internal quotation marks and citations omitted), aff'd, 27 F.3d 566 (6th Cir. 1994). Moreover, the "plain language of section 6103 . . . mandates the conclusion that the lawfulness of the levy is irrelevant to whether disclosure is authorized. . . . Neither the statute nor the regulations on their face authorize the court to consider whether the collection activity itself is proper." Mann, 204 F.3d at 1020 (quoting Venen v. United States, 38 F.3d 100, 106 (3rd Cir. 1994). Under the majority rule, even if the Court assumes the levies at issue were procedurally defective, any disclosures made in connection with those levies do not violate I.R.C. § 6103. Accordingly, Plaintiff has failed to state a viable wrongful disclosure claim.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATED: May 22, 2012

## CERTIFICATE OF SERVICE

      I hereby certify that on the above date a copy of this Order was served upon all counsel of record via the Court's ECF Filing System.